# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

CLEVELAND WINSTON KILGORE, JR.   *
#09441-007
                                               *   Civil Action No. RDB-11-2820

Plaintiff
                                               *

v
                                               *

WARDEN
                                               *

Defendant
                                               ***

## MEMORANDUM OPINION

Plaintiff Cleveland Kilgore has filed a paper styled "Registered Bill of Exchange Non-Negotiable." The court will grant Kilgore leave to proceed in forma pauperis for the limited purpose of preliminary review of his complaint. For reasons to follow, the case will be dismissed with prejudice.

## BACKGROUND

Kilgore was convicted by a jury of bank fraud, aggravated identity theft, and aiding and abetting in *United States of America v. Cleveland Kilgore*, Criminal No. RDB-06-115 (D. Md). On December 19, 2006, the Court sentenced Kilgore to 149 months incarceration to be followed by five years of supervised release and ordered him to pay restitution of $268,930 and an assessment of $800.00. On November 15, 2007, the Fourth Circuit affirmed judgment on appeal. *See United States v. Kilgore*, CA4 07-4025. Kilgore is presently incarcerated at the Federal Correctional Institution in Coleman, Florida.

## DISCUSSION

This Court must dismiss any action filed by a prisoner proceeding in forma pauperis if the Court determines the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A. While this Court is mindful that the pleadings of pro se litigants are liberally construed, *see Erickson v. Pardus,* 551 U.S. 89, 94 (2007), factual allegations in a

complaint must contain "more than labels and conclusions," and the action may be dismissed if the allegations do not provide "enough to raise a right to relief above a speculative level." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555(2007). The Court may not act as the inmate's advocate to develop claims the inmate failed to raise on the face of his complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985). Liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

Kilgore's paper, on its face, does not state a plausible, non-frivolous § 1983 claim. As best as can be discerned, he has submitted documents including a general power of attorney and a photocopy of a "tender of payment" check in the amount of $1,000,000, payable to the United States Treasury. The statements in them are incomprehensible. There is no record that Kilgore owes restitution in this amount nor is he involved in commercial transactions in this Court related to these papers.

## CONCLUSION

For these reasons this case will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. A separate order follows.[1]

OCTOBER 20, 2011
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] Kilgore is hereby placed on notice that future complaints dismissed as frivolous or for failure to state a cause of action under 28 U.S.C. §1915(e)(2), 1915A(b)(l), or 42 U.S.C. § 1997e(c) will be assigned a "strike" under 28 U.S.C. §1915(g). Section 1915(g) provides that a prisoner may not bring a civil action in forma pauperis if on three or more prior occasions, the prisoner has filed an action in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury. *See* 28 U.S.C. §1915(g).